# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 4123 | **DATE** | ½/2002 |
| **CASE TITLE** | PETERSEN vs. GIBSON, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Defendant Salon's motions (95-1, 95-2, 95-3, 96-1, 96-2) for judgment, to amend, and for new trial are denied.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 0 7 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | | date mailed notice | |
| | Date/time received in central Clerk's Office | | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DEBORAH PETERSEN, | |
| Plaintiff, | |
| v. | No. 97 C 4123<br>Judge James B. Zagel |
| OFFICER B. GIBSON, et al., | |
| Defendants. | |



JAN 0 7 2002

## MEMORANDUM OPINION AND ORDER

A jury returned a verdict in favor of Deborah Petersen and against defendant, Mario Tricoci Salon, on the charge of malicious prosecution. The salon now moves for judgment as a matter of law, or, alternatively, for a new trial. There are two grounds for the motion: first, that the verdict is inconsistent because under the doctrine of *respondeat superior*, a jury may not acquit the individual salon defendants while holding the salon liable; second, that I erred when I denied defendants' motion to conduct a Rule 35 examination.

As a general rule, a party who challenges a jury verdict faces an uphill battle. A defendant is not entitled to judgment notwithstanding the verdict or a new trial unless no rational jury could have brought back a verdict for the plaintiff. *See Will v. Comprehensive Accounting Corp.*, 776 F.2d 665, 674 (7th Cir. 1985). Moreover, jury verdicts must be interpreted whenever possible to avoid inconsistencies. *See Freeman v. Chicago Park Dist.*, 189 F.3d 613, 615 (7th Cir. 1999). Having considered the parties' positions and the applicable law, I find that defendant has not met its burden and I deny its motion.

# I. Defendant's Motion for Judgment/ New Trial

## A. *Respondeat Superior*

Mario Tricoci urges me to enter judgment in its favor pursuant to the doctrine of *respondeat superior* because the individual salon employees were exonerated.

I find that defendant waived the *respondeat superior* issue by failing to object to the jury instructions and the verdict form that permitted the jury to render the individual verdicts. *See* Fed. R. Civ. P. 51. A great deal of time was spent conferencing with the parties on jury instructions in this case. Each instruction was discussed at length – many more than once – during the course of two jury instruction conferences. During the second conference, defendant's counsel explicitly voiced her approval for the individual liability instruction. And when I asked if there was any objection to the verdict form, none was made. Counsel's only suggestion was that I modify the verdict form to make sure that damages would be assessed against defendants individually. *See* Trans. of October 11, 2001 p. 31.

Under similar circumstances, the Illinois Appellate Court held that when a jury is instructed:

> "to consider the liability of defendants separately, and is given a verdict form which permits it to return separate verdicts, and no objection has been made, the parties will not be heard to complain on review that the jury's return of a verdict for one defendant and against another is inconsistent under the principles of respondeat superior."

*See Young v. Cerniak*, 467 N.E.2d 1045, 1056 (Ill. App. Ct. 1984). See also *Will v. Comprehensive Accounting Corp.*, 776 F.2d 665, 674 (7th Cir. 1985) ("each party must live with the legal theory reflected in instructions to which it does not object. . . ..Once the law of this case is settled by failure to object to the instructions, the parties may argue only that the jury did not

2

play its proper part."); *McKinnon v. City of Berwyn*, 750 F.2d 1383, 1388 (7th Cir. 1984) (where parties requested verdict form asking jury to assess damages individually, they "will not be heard to complain" about inconsistency in holding only employer liable).

Not only did defendant fail to object before the jury retired, it also failed to object to the alleged inconsistency before the jury was discharged. This too may be grounds for waiver. *See Doe v. Washington County*, 150 F.3d 920, 924 (8th Cir. 1998); *Oja v. Howmedica, Inc.*, 111 F.3d 782, 790 (10th Cir. 1997).

Even in the absence of waiver, I would deny the motion. Defendant has made some interesting points, but, ultimately, I am not persuaded that the exoneration of the employee-defendants is inconsistent with the jury's finding against the salon, nor do I think that the verdict is barred by the doctrine of *respondeat superior*.

To prove a claim for malicious prosecution, plaintiff had to show that (1) the salon defendants initiated criminal proceedings against plaintiff; (2) one or more of the defendants acted with malice; and (3) defendants' conduct was the proximate cause of plaintiff's injury. A reasonable jury could have concluded that although no employee met all of the elements, the employees' acts, when considered together, amounted to malicious prosecution. As plaintiff contends, the jury could have concluded that Mr. Gialluisi acted with malice when he refused to negotiate regarding payment, but that he was not the proximate cause of plaintiff's damages since he was not the one who repeatedly failed to appear as a witness at the criminal proceedings. Likewise, the jury's verdict for Ms. Knauf may have been a finding that she did not act with malice, but that she caused plaintiff injury by repeatedly failing to appear in court. The jury was instructed that the salon defendant was responsible for the conduct of its employees acting within

3

the scope of their employment. It could reasonably have found that the acts of individual employees over time amounted to tortious conduct which was attributable to the salon.

Defendant would have me overturn the jury's verdict on the strength of one case from the Illinois Appellate Court, *Bausback v. K Mart Corp.*, 550 N.E.2d 1269 (Ill. App. Ct. 1990). In *Bausback*, plaintiff accused store employees of battery and false imprisonment. The employees argued that the incident did not occur, and they were acquitted, but the jury held the corporate entity liable. Under these circumstances, the court found that it was error to keep the employer on the hook. The case at hand is distinguishable from *Bausback*. Here, we are not dealing with a case arising out of a single discrete incident, but rather, a series of incidents over a period of some months. On these facts, the jury's finding that the employees were not liable is not necessarily a finding that the acts underlying the tort did not occur.

In any event, I have found that the argument was waived.

### B. Rule 35 Examination

This issue was extensively briefed before trial. I declined to allow the Rule 35 examination because it was represented to me that Ms. Petersen did not intend to rely on any expert medical evidence at trial. Her representation proved to be accurate. At trial, plaintiff testified, generally, that as a result of the incident she felt depressed and ill. Her treating physician testified, generally, about the symptoms he observed after the incident.

I put in place certain safeguards so that my Rule 35(a) ruling would not prejudice defendants. I barred Ms. Petersen from introducing any medical evidence predating July 1993. I ruled that plaintiff's treating physician was to testify only to what he observed as treating physician (Trans. October 5, 2001 at 38). I told defendants that they may object at trial if they

4

believed the treating physician was going to give improper causation testimony. (And plaintiff did object in response to the one causation question that arose.) I also barred plaintiff, who has an advanced degree in psychology, from diagnosing herself in expert terms. And I allowed the deposition of one of Ms. Petersen's treating physicians, over plaintiff's objection.

I believe that these steps were sufficient to protect defendant's interests and that no prejudice did result from my ruling. So the motion is denied.

## III. Conclusion

Defendant's motion for judgment or a new trial is denied. Defendant's motion to correct the clerical error in the judgment is granted. *See* Fed. R. Civ. P. 60(a). The docket should read that judgment is entered for plaintiff and against Mario Tricoci Hair Company Bloomingdale d/b/a Mario Tricoci Salon in the amount of $40,000 in compensatory damages and $10,000 in punitive damages.

ENTER:

James B. Zagel
United States District Judge

DATE: 01/02/02