# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DEBORAH PETERSEN,

    Plaintiff,

v.

OFFICER BYRON GIBSON, OFFICER JEFF FRITZ, VICTORIA KNAUF, JOANN HUBRICH, JOHN BILLIANSI, and MARIO TRICOCI HAIR COMPANY - BLOOMINGDALE, d/b/a MARIO TRICOCI SALON, an Illinois corporation,

    Defendants.

No. 97 C 4123
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

On remand, I am to consider whether the term "prevailing" has "a different meaning in the context of costs as opposed to attorneys' fees" and, if so, whether Petersen is a prevailing party for the purpose of assessing costs. *Petersen v. Gibson*, 372 F.3d 862, 867-68 (7th Cir. 2004). In her motion for costs, Petersen also seeks a more extraordinary remedy: she asks that pursuant to *Fed. R. Civ. P. 60(b)(6)*, I enter a final judgment incorporating the jury verdict, the parties' subsequent settlement, and clarify my "implicit finding that the settlement reflects the damages actually sustained by plaintiff and was not a nuisance settlement to avoid the expense of a second trial." On appeal, the Seventh Circuit observed that while "a settlement short of a consent decree may qualify" a party as prevailing, Petersen's settlement lacked any judicial imprimatur that could support her status as a prevailing party. *Petersen*, 372 F.3d at 866-67. The court stated that "the settlement in this case clearly falls on the short side. There is in fact no order that we can find in the record, and none provided by the parties, concerning the settlement at all, and thus no

judicial imprimatur whatsoever under *Buckhannon*." *Id*. at 867. The court found that the "only judgment in this case is a determination that Petersen's rights were violated," which was insufficient to support prevailing party status. *Id*. at 866. Petersen now seeks relief from the judgment of record, so as to establish her status as a prevailing party eligible for attorneys' fees.

*Fed. R. Civ. P. 60(b)(6)* is a catch-all provision that permits a party to seek relief from a final judgment. It is a provision grounded in principles of equity, and to qualify for its relief a party must show "extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Margoles v. Johns*, 798 F.2d 1069, 1073 (7th Cir. 1986) (citations omitted). Petersen claims that the judgment in this case – one entered after trial and reflecting Gibson's liability, but one that did not reflect my conclusion that the subsequent settlement agreement reflected Petersen's actual damages – is now manifestly unjust in light of the Seventh Circuit's unexpected application of the *Buckhannon* decision to the settlement. Petersen observes that neither party addressed *Buckhannon*'s applicability to the case in their briefing to the Seventh Circuit, and states that, "prior to the oral argument . . . Petersen had no hint that the Seventh Circuit would extend *Buckhannon* to hold that in a case in which plaintiff won a verdict on liability and [established that] defendant's wrongful conduct caused her 'substantial actual injury,' the lack of a final judgment incorporating the subsequent settlement was fatal to her fee petition." (Pl. Mem. at 11).

In fact, neither *Buckhannon* nor *T.D. v. La Grange Sch. Dist. No. 102*, 349 F.3d 469 (7th Cir. 2003),[1] involved settlements reached subsequent to judicial findings of liability. *Buckhannon* established the principle that a party seeking attorneys fees must establish a "judicially sanctioned

---

[1]Decided 10 days after this case was argued before the Seventh Circuit.

change in the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001). Such change is found, for example, in an enforceable judgment on the merits or through a court-ordered consent decree. *Id*. at 603-04. A private settlement followed by dismissal of the suit does not confer prevailing party status. *T.D.*, 349 F.3d at 478-79. Of course in *T.D.*, the private settlement did not follow a verdict of liability and an order directing a trial on damages; there was no judgment whatsoever prior to the parties' private agreement.

The importance of clear final orders in post-*Buckhannon* cases involving settlements was recognized in *Sonii v. General Electric Co., 359 F.3d 448, 449 (7th Cir. 2004).*[2] In *Sonii*, the parties settled the case and sought attorneys' fees. The district court denied the request for fees, and the parties appealed before there was a final order in the district court. The Seventh Circuit found lack of jurisdiction to consider the appeal. The Court expressed concern that the details of the absent final order "could affect the question whether plaintiffs are prevailing parties." *Sonii* at 449. Rather than rule, the Court remanded the case to avoid guessing as to the intended nature of the district court's disposition. The Court observed that in dismissing the case, the district judge could implement the parties' settlement agreement in at least three ways: "(1) a one-line order of dismissal; (2) a dismissal reserving jurisdiction to enforce the underlying contract; (3) a dismissal incorporating the settlement contract as a judgment of the court." *Id*. Judge Easterbrook indicated that the first option would clearly establish that the plaintiff was not a prevailing party, while the third option would clearly render the plaintiff a prevailing party, and that the second option would be "ambiguous." *Id*. No such remand was entered in this case;

---

[2]*Sonii* was decided after trial here and six months before the Seventh Circuit's decision, but after briefing and oral argument were complete.

3

rather, the Seventh Circuit found the absence of a final order subsequent to the settlement a clear indication that the settlement bore no judicial imprimatur of a change in legal status between the parties.

I believe I can state with certainty that in this case, neither I nor the parties anticipated the basis for the outcome on appeal. Gibson argues that whatever our surprise, Petersen's Rule 60(b)(6) is improper; but, should I find that she is entitled to seek such relief, her petition must be denied on the merits because the parties never intended that I lend a "judicial imprimatur" to the settlement agreement – though it is clear to me, at least, that I would have done so. Gibson's argument that the motion is improper is threefold: first, that Petersen is attempting to re-litigate the merits of this issue in flat defiance of the law of the case doctrine; second, that Petersen is attempting to undo her "deliberate choice" not to seek a final judgment incorporating the settlement; and third, that Plaintiff is impermissibly relying on a mistake of law to pursue relief.

Gibson objects to Petersen's motion on the ground that she is raising arguments now that she could have raised on appeal, a fact that evidences a lack of extraordinary circumstances. Gibson relies on *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000) for this proposition. However, the *Bell* Court held that a party may not seek to set aside a judgment under Rule 60(b) if that party is attempting to do so on a ground that could have been used to obtain a reversal on appeal. In this case, Gibson appealed my award of attorneys' fees, though not on the ground that Petersen was not a prevailing party under *Buckhannon*; Petersen's cross-appeal simply protested my decision to reduce the attorneys' hourly rates. *Bell*, therefore, is inapposite to the unique circumstances of this case, in which the reviewing court applied, *sua sponte*, the principles of *Buckhannon*, a case Petersen had no reason to address on appeal as I had granted the vast majority of the relief she sought. Gibson's reliance on *Ben-Shalom v. Secretary of Army*, 826

4

F.2d 722, 724 (7th Cir. 1987), which prohibits efforts to re-litigate a case under Rule 60(b)(6), is also inapposite. *See Ben-Shalom*, 826 F.2d at 724 (denial of Rule 60(b) motion proper when motion was effort to re-litigate case after party intentionally abandoned appellate process).

Gibson also bases his claim of "re-litigation" on the fact that Petersen's present arguments mirror those presented in her Petition for Panel Rehearing and Suggestion for Rehearing *En Banc*. That Petition was the first time Petersen could reasonably be expected to attempt (and did attempt) to raise the issue of her status as a prevailing party under *Buckhannon*. Her Petition was summarily denied. Gibson cannot rely on that denial as defining the scope of the law of the case so as to deny Plaintiff Rule 60(b) relief.

> [B]ecause a summary denial of a petition for rehearing does not explain the bases for the denial, it is insufficient to confer any implication or inference regarding a court's opinion relative to the merits of a case . . . summary denial of [a party's] petition for rehearing did not create law of the case . . .

*Moore v. Anderson*, 222 F.3d 280, 284 (7th Cir. 2000) (internal quotation and citation omitted).

However, *Moore* also instructs that "when a court of appeals has reversed a final judgment and remanded the case, the district court is required to comply with the express or implied rulings of the appellate court," although "[o]n remand, the district court retains the authority to dispose of other issues not addressed." *Id*. at 283 (quoting *Waid v. Merrill Area Pub. Sch.*, 130 F.3d 1268, 1272 (7th Cir. 1997) and citing *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161 (1939)). The law of the case doctrine is the best ground for protesting the invocation of Rule 60(b) on remand. The Seventh Circuit reversed my award of attorneys' fees and remanded solely for consideration of costs because the Court could find no order in the record concerning the settlement. Absent such an order, the settlement was simply a private agreement among the

parties that lacked any judicial imprimatur sufficient to confer "prevailing party" status. *Petersen*, at 867.

Petersen contends that her Rule 60(b) request for a final judgment that would incorporate the jury verdict on liability, the settlement agreement, a statement of my intent and a new award of costs, raises "issue[s] not addressed" by the Court of Appeals. *See Moore*, 222 F.3d at 283. Yet the consequence of that request opens the door to the issue of Plaintiff's status as a prevailing party – an issue clearly addressed on appeal. Plaintiff's statement that she does not seek to re-litigate the merits of any ruling of the Seventh Circuit "on the record it had before it" acknowledges that her request could alter the record so as to subsequently challenge the basis of the appellate court's decision. (Pl. Rep. at 8.)[3] Petersen's pursuit of an order that "affirms what

---

[3] Gibson's latter objections to the propriety of the Rule 60(b)(6) motion boil down to an argument that Petersen's decisions to not seek additional judicial approval of the settlement and to not argue against *Buckhanon's* inapplicability on appeal were either deliberate, strategic choices for which she must now suffer the consequences, or mistakes in apprehending the appropriate governing legal standard – mistakes of law. I do not find either of these arguments persuasive reasons to refuse to entertain Petersen's motion. Much of the case law Gibson cites is inapposite to the present situation, involving cases in which parties sought to over-turn district court decisions by means of a Rule 60(b)(6) motion. Moreover, Gibson does not deny that he, too, failed to argue that *Buckhannon* was relevant to the issue of Petersen's status; it was common practice at the time this case settled for parties in Petersen's situation not to seek final orders. Nor was Petersen's decision not to seek a final order analogous to the "free, calculated" and deliberate choice rejected as grounds for 60(b)(6) relief in *Local 322, Allied Indus. Workers v. Johnson Controls, Inc.*, 969 F.2d 290, 292 (7th Cir. 1992).

In that case, Local 322 brought a suit to challenge company policy but then decided to intervene in another union's (the UAW) appeal against the same defendant and stay its own suit. When the UAW lost on appeal, Local 322 returned to its initial litigation rather than continuing with the UAW in its appeal to the Supreme Court. Local 322 declared in pleadings that it "chose to litigate its own claims before the district court . . . because the legal landscape was at that time far from clear." *Id*. at 293 (internal quotations omitted). When the UAW succeeded in the Supreme Court, Local 322 attempted to use Rule 60(b)(6) to vacate the judgment against it in the district court. Its petition was rejected as an impermissible "attempt[ ] to circumvent the result of its tactical decision." *Id*. at 292.

actually happened in this case" (Pl. Rep. at 9) would establish grounds to subsequently reconsider and potentially alter the law of the case as articulated by the appellate court.

No matter how sympathetic I am to the situation in which Petersen (or, more appropriately, Petersen's counsel) now finds herself, the doctrine of the law of the case bars arguments for reconsideration "based not on intervening authority, new (and heretofore undiscoverable) evidence, or other changed circumstances that justify waiver of the doctrine . . . but on considerations of fact or law that were available when the previous appeal was argued." *Vidimos, Inc. v. Wysong Laser Co.*, 179 F.3d 1063, 1065 (7th Cir. 1999). Whatever facts or legal arguments the parties might have raised on appeal, there is no question that the Seventh Circuit knew of and considered the following facts: Petersen secured a verdict of liability and nominal damages; I vacated the nominal damages award and ordered a new trial on damages; the parties subsequently settled for $10,000; and I awarded attorneys' fees to Petersen. *Petersen*, 372 F.3d at 864. The Seventh Circuit also had before it the opinion in which I explained why I considered Petersen a prevailing party. While the Court perhaps took a more prudent course by remanding, rather than ruling, in *Sonii*, the settlement in that case pre-dated *Buckhannon*, and Judge Easterbrook recognized that the district court might wish to enter a form of judgment that vindicated pre-*Buckhannon* expectations. 359 F.3d at 450.

In this case, Petersen seeks to vindicate not pre-*Buckhannon* expectations, but pre-*Petersen* expectations. *Petersen* established a new rule: parties seeking damages after securing judgments of liability, but who settle before damages are awarded, are not prevailing parties absent a court order that imposes a judicial imprimatur on the terms of the settlement.[4] 372 F.3d

---

[4]Had Petersen petitioned for a final order incorporating the settlement as part of her request for attorneys' fees, I would have granted her request, even over Gibson's objection. That

at 866-67. The procedure adopted by the parties and by this court did not satisfy that standard. *Id.* ("Because Petersen received no relief from the judgment of the court, and because the settlement was not a 'judicially sanctioned' change in the legal relationship of the parties, Petersen was not a prevailing party under § 1988"). In light of that ruling, rather than a decision to remand on this issue, and based on my review of the law, I find Petersen's request to amend the earlier judgment so as to render her a prevailing party under *Buckhannon* is not the extraordinary circumstance that Rule 60(b)(6) contemplates. I turn, therefore, to the issue of costs.

***Costs***

Petersen seeks costs as a prevailing party under 42 U.S.C. § 1988, or alternatively, under *Fed. R. Civ. P. 54(d)*. (Pl. Mem. at 8.) She believes that the language of the Seventh Circuit's decision offers the possibility that a party who is not sufficiently "prevailing" to be entitled to *fees* under § 1988 might otherwise be sufficiently "prevailing" to be entitled to *costs* under § 1988. *See Petersen* 372 F.3d at 867-68. Gibson contends that because the Seventh Circuit found that Petersen was not a prevailing party under § 1988 for purposes of collecting attorneys' fees, she

---

order should have established Petersen's status as a prevailing party. *See Sonii*, 359 F.3d at 449. The fact remains that the settlement was the direct result of a jury's determination that the Gibson was liable. The jury awarded nominal damages, but did so under an erroneous instruction. I vacated the award of nominal damages and granted a new trial on that issue. That second trial would have been conducted as a result of a judicially approved finding of liability; and because of that finding, the parties settled. Moreover, they did so for the not insignificant sum of $10,000, which represented an estimation of Petersen's damages, not the cost of disposing of a nuisance suit.
       I consider the settlement an award of damages resulting from a judicial finding of liability. If I thought I had the right under Rule 60(b)(6) to enter a new final judgment, I would do so, but I do not believe that I have that power. While I believe Petersen is entitled to attorneys' fees on equitable grounds, the question is one of law, and the Seventh Circuit's decision has foreclosed the exercise of equitable discretion in the manner Petersen seeks.

8

cannot rely on § 1988 to pursue costs on remand and may seek costs only under Rule 54(d). Gibson further contends that Petersen did not prevail sufficiently to be entitled to Rule 54 costs.

While the language of the penultimate paragraph of the Court's decision certainly opens the door to Petersen's argument, earlier language in the opinion clearly establishes that Petersen was not a prevailing party under § 1988. *Id*. at 867 ("Petersen was not a prevailing party under § 1988, and is not entitled to attorneys' fees"). That Petersen is not entitled to attorneys' fees is but one consequence of the decision that she was not a prevailing party under the statute. The Court's language simply does not support the inference that Petersen was not a prevailing party exclusively for the purpose of awarding attorneys' fees.

Moreover, the cases on which the Seventh Circuit relied to imply that Petersen might be entitled to fees do not suggest creating a dichotomy within § 1988, *i.e.*, a "prevailing" standard for fees that differs from the standard for costs; but rather, suggest that a party's inability to secure attorneys' fees does not preclude an award of costs on other grounds. *See, e.g., Maher v. Gagne*, 448 U.S. 122, 130-31 & n.14 (1980) (observing that a party may be awarded costs despite 11th Amendment immunity that would otherwise bar an award of attorneys' fees); *and Mother & Father v. Cassidy*, 338 F.3d 704, 710 (7th Cir. 2003) (noting that decisions regarding Rule 54 costs are not analogous to decisions regarding the availability of attorneys' fees as "[a]ttorneys' fees stand on a different footing").

The analysis governing the right to fees differs from the analysis governing the right to costs. *See Buckhannon*, 532 U.S. at 606 n. 8 (rejecting the dissenter's reliance on *Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379 (1884) as support for the "catalyst" theory because the case involved costs rather than attorneys' fees). Moreover, there is a strong, historical presumption in favor of costs – a presumption that does not extend to attorneys' fees. *Mother &*

9

*Father*, 338 F.3d at 710. Because a party may prevail for one purpose (costs) though not for another (fees), I will consider Petersen's entitlement to fees under Rule 54(d).

Rule 54(d)(1) presumes the award of costs to parties who have prevailed on a substantial part of the litigation. *Testa v. Village of Mundelein*, 89 F.3d 443, 447 (7th Cir. 1996) (citation omitted). In this case, as I have detailed before, Petersen prevailed before a jury which returned a favorable verdict assessing liability against Officer Gibson on Petersen's two constitutional claims, though not the third claim of conspiracy. Although the jury awarded only nominal damages, I awarded Petersen a new trial on the issue of damages. The parties then settled for $10,000 – an amount that excluded fees and costs. On the basis of these facts, I find that Petersen prevailed sufficiently to be entitled to costs, and now turn to Gibson's individual objections to various costs.

At the outset, I note that Plaintiff has conceded that she is not entitled to expert witness fees and has therefore reduced her request to a total of $16,495.03. Costs are recoverable if they are authorized by statute and are both reasonable and necessary to the litigation. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000). 28 U.S.C. § 1920 defines the costs permissible under Rule 54(d). *Cengr v. Fusibond Piping Sys.*, 135 F.3d 445, 454 (7th Cir. 1998).

Gibson first challenges Petersen's litigation expenses ($3,679.21) on the basis that they are unavailable under § 1920. Gibson correctly notes that Petersen's travel and related expenses may not be taxed under § 1920. *Calderon v. Witvoet*, 112 F.3d 275, 276 (7th Cir. 1997). Petersen's request for Westlaw-related expenses must be denied for the same reason. *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 409 (7th Cir. 2000) ("[c]omputer research charges are considered a form of attorneys' fees"). So, too, Petersen's costs for messenger services, *M.S. Distrib. Co. v. Web Records, Inc.*, 2003 WL 21788988, *1 (N.D. Ill. July 31 2003);

phone and fax services, *Heiar v. Crawford County*, 746 F.2d 1190, 1203, (7th Cir. 1984); meals and lodging, *Robinson v. City of Harvey*, 2004 WL 2033714, *8 (N.D. Ill. Aug. 13, 2004); supplies, *id.*; and apparent storage fees.

Gibson next contends that Petersen cannot recover the costs for duplicating, reproduction and graphic design ($1,197.00) because the bills are insufficiently clear to allow me to determine that the costs were necessary for litigation. I have no such qualms with Petersen's documentation of these costs, and consider them reasonable in light of the fiercely contested nature of the dispute and my memory of the litigation. Copying costs are permissible under § 1920(4). *See Cengr*, 135 F.3d at 454. I am allowing these costs, with the exception of $10.48, which appears to be a duplicate charge. Gibson also objects to Petersen's in-house duplication expenses ($4,431.00). Once again, based on my recollection of the case, I find that Petersen's copying expenses were appropriate and reflect the cost of copies necessarily obtained for use in the case. These costs will be taxed against Gibson.

Gibson also challenges part of Petersen's transcript-associated costs ($5,093.42) on the basis that § 1920 limits transcript costs to those recoverable at the established rate in effect at the time of the deposition and because condensed transcripts, indices and ASCII diskette copies are not permitted under § 1920. *See id.* at 455 (permitting costs for transcripts and photocopies, and noting that current rates were $3.00 per original page and $0.75 per copy page); *and Surratt v. Chicago Transit Auth.*, 2005 WL 946873, *1-2 (N.D. Ill. Apr. 18, 2005) ("[c]ondensed transcripts, indexes and ASCII diskette copies of the transcripts are not taxable because they are considered to be prepared for the benefit of [Plaintiff] and are not necessary to the litigation"). Petersen does not challenge these assertions, and I accept Gibson's proposed reduction of the

costs to $3,696.52, but add $633.00 to reflect the cost of the transcript of Plaintiff's deposition, which Gibson acknowledges was 211 pages long.

Finally, Gibson objects to Petersen's attempt to recover the cost of private process servers, arguing that the prevailing party may recover only the cost equal to the cost of using the Marshal's Service to serve the subpoenas. *See Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). That rate permits a charge of $40 per hour for the first two hours and $20 for each additional hour, plus $0.31 for each mile traveled. Plaintiff did not document the hours spent serving each of the seven subpoenas; Gibson therefore requests a reduction in expenses from $500 to $280, representing the minimum cost per subpoena. I grant this request.

For these reasons, I grant in part Petersen's request for costs, awarding $11,821.41 pursuant to 28 U.S.C. § 1920. Petersen's Motion for Entry of Amended Judgment pursuant to Rule 60(b)(6) is denied.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: September 27, 2005